NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



DEC 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL IVAN CERECEDO JUAREZ,
AKA Manuel Ivan Cerecedo Cisneros,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 18-70237
       19-71649

Agency No. A095-743-095

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 15, 2023
Phoenix, Arizona

Before: NGUYEN, COLLINS, and LEE, Circuit Judges.

Manuel Ivan Cerecedo Juarez, a citizen of Mexico, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") upholding the order of

the Immigration Judge ("IJ") denying his applications for cancellation of removal,

withholding of removal, and protection under the Convention Against Torture and

denying his motion to continue the proceedings.¹ Cerecedo Juarez also petitions

for review of the BIA's decision denying his motion for reconsideration of the

_____

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

¹ Cerecedo Juarez abandoned his asylum claim before the BIA.

BIA's earlier order denying his application for cancellation of removal. We have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under the substantial evidence standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We grant the consolidated petitions insofar as they challenge the denial of Cerecedo Juarez's claim for cancellation of removal, and we remand to the agency for further proceedings concerning that claim. We otherwise deny the petitions.

1. Under § 240A(b)(1)(A) of the INA, an alien is eligible for cancellation of removal if, among other things, he "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application" for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(A). In concluding that this 10-year period was not met here, the BIA relied on three holdings. First, the BIA held that Cerecedo Juarez had "accepted a voluntary return to Mexico in October 2007," when he signed a Spanish-language form, while in immigration custody, waiving his right to appear in immigration court and agreeing to be returned in Mexico. According to the BIA, this resets to zero the 10-year clock for accumulating continuous presence in the United States under

2

*Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619–20 (9th Cir. 2006). Second, the BIA

held that, although Cerecedo Juarez re-entered the United States shortly after his

October 2007 departure, the November 2012 service of a "Notice to Appear"

("NTA") initiating immigration proceedings was sufficient to stop the running of

the restarted 10-year clock under § 240A(d)(1)(A). *See* 8 U.S.C. § 1229b(d)(1)(A).

Third, although the IJ had not relied on it, the BIA *sua sponte* concluded, in the

alternative, that the restarted 10-year clock was stopped by Cerecedo Juarez's 2009

commission of the crime of petty theft in violation of California Penal Code

§§ 484(a), 488, for which he was convicted and sentenced to probation in 2017.

According to the BIA, that offense constituted a crime of moral turpitude sufficient

to stop the clock under § 240A(d)(1)(B). *See* 8 U.S.C. § 1229b(d)(1)(B); *see also*

*id*. § 1182(a)(2)(A)(i)(I).

The Government concedes that the second of these three holdings is legally

incorrect under *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). There, the Supreme

Court held that an NTA that, as in this case, lacks the statutorily required

information concerning the date and time of the initial removal hearing does *not*

suffice to stop the clock under § 240A(d)(1)(A). *Niz-Chavez*, 593 U.S. at 160–62,

171–72.

We conclude that the BIA's third holding—that the 10-year clock was

stopped by Cerecedo Juarez's commission of petty theft in 2009—is also flawed.

The BIA correctly held that a theft conviction under California Penal Code § 484(a), including a conviction for petty theft, constitutes a "crime of moral turpitude" within the meaning of the INA. *See Silva v. Garland*, 993 F.3d 705, 717 (9th Cir. 2021); *see also id*. at 710 n.1 (noting that § 484(a) "encompasses both petty and grand theft" and that "the elements of petty theft are the same as grand theft, apart from the amount or type of property taken" (citing CAL. PEN. CODE §§ 487, 488)). But as Cerecedo Juarez notes, the INA contains an express exception to the rule that the commission of a crime of moral turpitude will stop the running of the 10-year clock.[2] Specifically, that rule does not apply if, *inter alia*, the alien "committed only one crime" *and* "the maximum penalty possible for the crime of which the alien was convicted . . . did not exceed imprisonment for one year *and* . . . the alien was not sentenced to a term of imprisonment in excess of 6 months." 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (emphasis added); *see also id*. § 1229b(d)(1)(B).

In *Castillo-Cruz v. Holder*, 581 F.3d 1154 (9th Cir. 2009), we confronted a similar situation in which the only crime of moral turpitude that could stop the 10-

---

[2] We reject the Government's argument that Cerecedo Juarez forfeited this issue. Cerecedo Juarez clearly, if concisely, raised this issue in his opening brief by arguing that the BIA erred by invoking the crime-of-moral-turpitude rule without considering the applicability of the statutory exception to the rule. And because the BIA raised this rule *sua sponte* in its decision—even though the IJ had not invoked it as a ground for denying cancellation—Cerecedo Juarez cannot be faulted for not having himself raised the issue before the BIA.

year clock was a petty theft conviction under California Penal Code §§ 484, 488, but the agency had failed to consider the potential applicability of the "petty offenses exception." *Castillo-Cruz*, 581 F.3d at 1161–62 (citing 8 U.S.C. § 1182(a)(2)(A)(ii)(II)). Under those circumstances, we concluded that a remand was warranted to permit the BIA to "decide in the first instance whether [the petitioner's] petty theft conviction falls within the petty offenses exception, *see* 8 U.S.C. § 1182(a)(2)(A)(ii)(II), and so that [the BIA] may resolve any other issues that may exist regarding [the petitioner's] application for cancellation of removal." *See Castillo-Cruz*, 581 F.3d at 1162. Unless there is some other alternative ground to sustain the BIA's denial of cancellation of removal, *Castillo-Cruz* requires that we remand here.

Given that we are limited to reviewing the grounds invoked by the agency, *see SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947), we conclude that there is no such alternative ground. Even assuming *arguendo* that the agency was correct in concluding that the 10-year clock restarted from zero in October 2007, the BIA's decision provided only the two above-discussed grounds for concluding that the clock *stopped* before Cerecedo Juarez accrued 10 years. Because one of those grounds is legally invalid under *Niz-Chavez* and the other requires a remand under *Castillo-Cruz*, we conclude that a remand is required.[3]

---

[3] Because the BIA's decision concerning the IJ's denial of a continuance appears to

Because we conclude that a remand is required in any event, we find it unnecessary to consider Cerecedo Juarez's challenge to the agency's determination that, under *Ibarra-Flores*, the clock restarted in October 2007. We therefore also find it unnecessary to decide whether our jurisdiction to review that issue is limited by the Supreme Court's recent decision in *Patel v. Garland*, 596 U.S. 328 (2022). In the event that the agency adheres to that determination on remand and again denies cancellation of removal, then Cerecedo Juarez remains free to re-raise those issues in a further petition for review in this court.

2. Substantial evidence supports the agency's conclusion that Cerecedo Juarez failed to show that it is "more likely than not" that he will be persecuted on a protected ground if he returns to Mexico, as required to support a claim for withholding of removal. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009); *Ramadan v. Gonzales*, 479 F.3d 646, 658 (9th Cir. 2007). Other than general country condition reports, Cerecedo Juarez's sole basis for a fear of future persecution consists of past threats and violence toward his cousin Zenon, a colonel in the Mexican armed forces who had embarked on an anti-cartel mission in Colombia. But Cerecedo Juarez testified that he was "not so close" with Zenon, that he had not had contact with him recently, that he had not "had a chance to

have rested in part on its understanding of the significance of Cerecedo Juarez's "criminal behavior," the BIA should re-examine that issue on remand as well.

6

speak with him," and that he was not aware of any other family members in Mexico who had been physically harmed. Substantial evidence supports the BIA's determination that Cerecedo Juarez failed to show "that he will be targeted because of his relationship to a cousin he has not spoken to in years," and hence "has not met his burden to establish that he is more likely than not to be persecuted or tortured in Mexico."

3. For substantially similar reasons, the BIA properly denied relief under the Convention Against Torture. The BIA's reasons for concluding that Cerecedo Juarez had not shown that it was "more likely than not" that he would face harm rising to the level of persecution also support the BIA's conclusion that Cerecedo Juarez had not established that he was likely to face torture. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

Petitions **GRANTED** in part, **DENIED** in part, and **REMANDED** for further proceedings.